IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOWELL E. HAMMONS,

    Petitioner,                        No. CIV S-07-1007 MCE GGH P

    vs.

D.K. SISTO, et al.,

    Respondents.                   FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1993 petitioner was convicted of second degree murder and sentenced to 15 years to life. Petitioner challenges the January 2006 decision by the Board of Parole Hearings (BPH) finding him unsuitable for parole on grounds that there was insufficient evidence to support the decision. This was petitioner's first subsequent suitability hearing. Petitioner alleges that there was insufficient evidence to find him unsuitable. Petitioner also alleges that the 2006 decision finding him unsuitable violated his plea agreement.

        After carefully reviewing the record, the court recommends that the petition be denied.

/////

II. Anti-Terrorism and Effective Death Penalty Act (AEDPA)

The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this petition for habeas corpus which was filed after the AEDPA became effective. Neelley v. Nagle, 138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997). The AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at

1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 123 S. Ct. 362 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

Petitioner filed a habeas corpus petition in the San Bernardino County Superior Court raising the claims brought in the instant petition. The Superior Court issued a reasoned decision denying the petition. Answer, Exhibit 4. The California Court of Appeal and California Supreme Court summarily denied petitioner's state habeas petitions. Id., Exhibits 5, 6. Accordingly, the court considers whether the denial of the claim by the Superior Court was an unreasonable application of clearly established Supreme Court authority. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (when reviewing a state court's summary denial of a claim, the court "looks through" the summary disposition to the last reasoned

1  decision).

2  III.  Discussion

3        A.  Insufficient Evidence

4  The BPH relied, in part, on unchanging factors related to the commitment offense to find petitioner unsuitable for parole. Answer, Exhibit 3, pp. 49-56. In particular, the BPH found that the offense was carried out in a calculated manner such as execution style murder, demonstrated a callous disregard for human suffering and was based on a trivial motive. Petitioner argues that the BPH's reliance on these unchanging factors to find him unsuitable violated his right to due process. Petitioner also argues that there was insufficient evidence to support the BPH's decision finding him unsuitable based on his post-conviction conduct.

Due process requires that the BPH's decision finding a prisoner unsuitable for parole must be supported by "some evidence." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (2006). In an order filed June 1, 2007, in Bulpitt v. Mendoza-Powers, et al., CIV S-06-0566 MCE GGH P, Judge England considered the BPH's reliance on unchanging factors, as in the instant case, to find a prisoner unsuitable for parole. Judge England found that a state court decision upholding the BPH's use of immutable evidence, such as the circumstances of the offense, to support a denial of parole is not an unreasonable application of the "some evidence" standard. CIV S-06-0566 MCE GGH P, June 1, 2007, order, p. 4: 16-18. Judge England found that as the Ninth Circuit Court of Appeals stated in Sass, supra, and recently reiterated in Irons v. Carey, 479 F.3d 658 (9th Cir. 2007), a finding of unsuitability based on immutable factors that occurred decades ago when all other factors point to suitability is sufficient to constitute "some evidence" on which the petitioner can be found unsuitable for parole. Id. [1]

---

[1] Of course, the conclusion regarding the unchangeable factors must be reasonable. However, unless the conclusion is based on fabricated facts, or is otherwise irrational under the accepted facts, the conclusion will be "reasonable." Here, there is not any doubt from the facts, Exhibit 3 at pp. 11-16 (detailing the killing) that the murder was execution style (victim made to lay on ground by the actual shooter, Manuel Macias, then shot in the back with a shotgun), the offense demonstrated a callous disregard for human suffering, and the motive was inexplicable or

4

1  Pursuant to Judge England's order in Bulpitt, supra, the court finds that the
2  Superior Court's decision that sufficient evidence supported the BPH's 2006 decision finding
3  petitioner unsuitable for parole was not an unreasonable application of clearly established
4  Supreme Court authority.  For the reasons discussed above, the court need not consider the
5  factors regarding petitioner's post-commitment conduct.

                   B.  Breach of Plea Agreement

7  Petitioner argues that the 2006 decision finding him unsuitable breached his plea
8  agreement because he believed he would be paroled after serving his minimum term, which was
9  ten years.  A claim alleging breach of a plea agreement or an involuntary plea raises a claim
10 challenging the validity of petitioner's conviction.  This claim challenges a proceeding, i.e.
11 petitioner's conviction, which is distinct from the proceeding challenged in the instant action, i.e.
12 the 2006 suitability hearing.  Petitioner must file a separate habeas petition if he wishes to raise a
13 claim alleging breach of his plea agreement or that his plea was involuntary.  See Federal Rules
14 Governing Section 2254 Cases, Rule 2(e) (a petitioner seeking relief from judgments of more
15 than one state court must file a separate petition covering the judgment or judgments of each
16 court).  For this reason, petitioner's claim challenging the validity of his plea agreement is
17 dismissed.

            Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
19 a writ of habeas corpus be denied.

---

trivial (victim was shot because he referred to Macias as a snitch). Petitioner argues that the reliance on factor's related to the offense do not apply to him because he did not actually shoot the victim. However, petitioner plead guilty to second degree murder. For this reason, that petitioner did not actually shoot the victim does not mean that the BPH cannot attribute the circumstances of the killing to petitioner. The court also observes that petitioner does not dispute that he and Macias drove the victim to an isolated area where Macias shot the victim. Petitioner also argues that the BPH improperly found that his motive for killing the victim was trivial when it was Macias who wanted the victim dead for calling Macias a snitch. Petitioner argues that when the victim was killed, he was just along for the ride. It was not unreasonable for the BPH to infer that by going along for the ride, petitioner supported the idea of killing the victim for calling Macias a snitch. In any event, if petitioner was just along for the ride, then the motive for his second degree murder of the victim was certainly trivial or inexplicable.

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6   shall be served and filed within ten days after service of the objections.  The parties are advised
7   that failure to file objections within the specified time may waive the right to appeal the District
8   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: 11/20/07

10                                     /s/ Gregory G. Hollows
11                                     UNITED STATES MAGISTRATE JUDGE

14   ham1007.157